UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 12 CR 246 |
| v. | ) | |
| | ) | Hon. Amy J. St. Eve |
| CARL BRANDON SMITH | ) | |
| a.k.a "Moo" | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is Defendant Carl Brandon Smith's Motion to Withdraw Plea of Guilty. (R. 53, Def.'s Mot. to Withdraw Plea of Guilty.) For the following reasons, the Court denies Smith's Motion.

**BACKGROUND**

On April 4, 2012, a federal grand jury returned a five count indictment against Smith charging him with sex trafficking of a minor by force, in violation of Title 18, United States Code, § 1591 (Counts One and Two); transporting a minor in interstate commerce with the intent that the minor engage in prostitution, in violation of Title 18, United States Code, § 2423(a) (Count Three); and sex trafficking by force, in violation of Title 18, United States Code, § 1591 (Counts Four and Five). (R. 1, Indict. as to Carl Brandon Smith.)

Initially, Smith pled not guilty to the charges. On December 13, 2012, however, Smith informed the Court that he intended to plead guilty and the Court set a change of plea hearing for the morning of January 7, 2013. (R. 54, Govt.'s Resp. to Def.'s Mot. to Withdraw Plea of Guilty, at 2.) The hearing was later rescheduled to the afternoon of that same day. (R. 53, at 3.) During the January 7, 2013 hearing, Smith challenged portions of the government's factual basis for his guilty plea. (*Id.* at 3.) Due to Smith's challenges, the Court rescheduled the change of

plea hearing to January 10, 2013. (*Id.* at 2-3.) After the January 7, 2013 hearing, the government met with Smith's counsel, Mr. Kent Carlson, to revise the plea agreement. (R. 54, at 3.) On January 10, 2013, Smith, Carlson, and the government met in person and made further revisions to the plea agreement. (R. 47, 1/11/13 Change Plea Tr., at 2.) The Court rescheduled the hearing once again to January 11, 2013 due to technical problems at the Kankakee Correctional Center, which prevented Smith from reading and reviewing the revised plea agreement. (*Id.*)

On January 11, 2013, Smith appeared before the Court and, under oath, pursuant to a written plea agreement, entered a plea of guilty to one count of transporting a minor in interstate commerce with the intent that the minor engage in prostitution, in violation of Title 18, United States Code, § 2423(a) (Count Three). (R. 36, Plea Agreement, ¶ 5.) Count Three carried a mandatory minimum sentence of 10 years' imprisonment, whereas the other four counts carried mandatory minimum sentences of 15 years' imprisonment. (R. 36.) As part of his plea agreement, Smith also stipulated to trafficking four victims, two of whom were minors, by means of force, threats of force, and coercion in exchange for profit. (*Id.*) At the time of the plea hearing, a sentencing date was set for April 5, 2013. (R. 47, at 25.)

On March 19, 2013, Carlson moved to withdraw as Defendant's counsel and the Court appointed new counsel. (R. 41, Def.'s Motion to Terminate Counsel; R. 43, Mar. 19, 2013 Minute Order.) On June 11, 2013, Smith filed this motion to withdraw his plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B). (R. 53.)

**LEGAL STANDARD**

After a court has accepted a guilty plea, a defendant's right to withdraw the plea prior to sentencing is not absolute. *United States v. Bowlin*, 534 F.3d 654, 659 (7th Cir. 2008). Pursuant

to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11; *United States v. Mays*, 593 F.3d 603, 607 (7th Cir. 2010). When a proper Rule 11 colloquy has taken place, however, the Rule 11(d)(2)(B) escape hatch is narrow. *Id*.

A defendant who states at a plea colloquy that his plea was "freely and knowingly given . . . faces an uphill battle" in convincing a judge that his reasons for withdrawal are "fair and just" because representations made at a plea colloquy are under oath and are given a "presumption of verity." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009). This presumption applies because "the purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing." *Hutchings v. United States*, 618 F.3d 693, 699 (7th Cir. 2010); *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004). Therefore, the record that is created at a Rule 11 colloquy is presumed to be true. *Bowlin*, 534 F.3d at 660 (citing *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001)). Because a defendant's statements at the plea colloquy are given a presumption of verity, the defendant bears a heavy burden of persuasion in showing that a fair and just reason exists for requesting the withdrawal. *United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008) (citing *Logan*, 244 F.3d at 558). As such, "a defendant has no legal entitlement to benefit by contradicting himself under oath." *United States v. Vazquez-Ortero*, No. 03 CR 0611-1, 2007 WL 1225383, at *4 (N.D. Ill. Apr. 19, 2007).

Moreover, Federal Rule of Criminal Procedure 11(h) states that "[a] variance from the requirements of this rule is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11. The United States Supreme Court recently explained that the purpose of subdivision (h) is to avoid the automatic vacatur of every Rule 11 violation. *United States v. Davila*, 133 S. Ct.

3

2139, 2146-47 (2013) (explaining that although substantial compliance with Rule 11 is required, the purpose of Rule 11(h) is to guard against exalting "ceremony . . . over substance." (citing Advisory Committee's 1983 Note on Subd. (h) of Fed. Rule Crim. Proc. 11)). Thus, a court must look at the totality of the circumstances in determining whether a defendant has entered a valid guilty plea. *Davila*, 133 S. Ct. at 2146-47.

## ANALYSIS

Defendant Smith appears to premise his motion on two main arguments: 1) he pled guilty because he felt pressured to do so; and 2) he did not understand the sentencing guidelines because he was not afforded adequate time to discuss the plea agreement with his attorney. (R. 53.)

### I. Defendant's Guilty Plea Was Voluntary

Smith argues that he felt pressured to plead guilty due to the threat of the impending trial. (*Id.*, at 4.) Specifically, Smith alleges that he "believed that if he did not plead guilty at the time, then he would be forced to go to trial on February 4, 2013, according to the trial date previously set by this Court." (*Id.*) Smith claims that he "did not want to go to trial, but rather wanted additional time to receive counsel regarding the evidence and applicability of guidelines in his case." (*Id.*)

In the context of Rule 11(d)(2)(B), "[o]ne 'just and fair reason' for withdrawing a defendant's plea of guilty is that the plea was not voluntarily made." *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008). A guilty plea, however, is voluntary "when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea." *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir. 1995) (citing *United States v. Jordan*, 870 F.2d 1310, 1316 (7th Cir. 1989)). Smith's claim that he was pressured into entering

into the guilty plea is belied by his own representations made in both the written plea agreement and under oath at the January 11, 2013 hearing. Specifically, the Plea Agreement, which was signed by Smith, states:

> Defendant and his counsel acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in the Agreement, to cause defendant to plead guilty. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of the Agreement.

(R. 36, at ¶ 30- 31.)

Furthermore, at the January 11, 2013 plea hearing, the Court conducted a plea colloquy, in which Smith, under oath, answered as follows:

> THE COURT: Mr. Smith, has anyone forced you in any way to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone threatened you in any way to cause you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Apart from the plea agreement, have any promises been made to you to cause you to plead guilty?
>
> THE DEFENDANT: No.
>
> COURT: Is your decision to plead guilty entirely voluntary on your part after discussing the case with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have any promises been made to you regarding sentencing other than what we have discussed this morning?
>
> THE DEFENDANT: No.
>
> THE COURT: Do you understand, Mr. Smith, that ultimately it is your

decision, and your decision alone, whether you wish to plead guilty, regardless of any advice anyone has given you?

THE DEFENDANT: Yes.

(R. 47, at 16.)

Both the plea agreement and the plea colloquy make clear that Smith's decision to plead guilty was fully voluntary and that he was not "pressured" into doing so. In short, Smith's own admissions undermine the basis of his claim that he was pressured into entering a guilty plea. A defendant's "protestation that statements freely made under oath when entering the plea were a pack of lies is not a 'fair and just reason' to start anew." *United States v. Stewart*, 198 F.3d 984, 987 (7th Cir. 1999). The transcript of the January 11, 2013 plea hearing indicates that the Court thoroughly followed the procedures outlined in Federal Rule of Criminal Procedure 11 to ensure that Smith's plea was knowing and voluntary. *See United States v. Lowe*, 12-3408, 2013 WL 1150248 (7th Cir. Mar. 19, 2013) (stating "[d]efendant's guilty plea was voluntary, where district court advised defendant of his trial rights, including his right to counsel, his right to trial by jury, his right to presumption of innocence, and his right to confront witnesses, and advised him of nature of charged offense and applicable statutory range of penalties.") A motion to withdraw a plea of guilty "that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Smith, however, makes only general, conclusory allegations in his motion. He simply states that he believed that if he did not plead guilty at the time, then he would be forced to go to trial on February 4, 2013, in support of his contention that he was pressured to plead guilty. (R. 53, at 4.) At no point during the plea colloquy did Smith raise the issue of allegedly feeling pressured with the Court. To the contrary, Smith told the Court that he had had sufficient time to talk to his

lawyer and that he was not forced or pressured to plea guilty. As such, Smith fails to raise a compelling explanation for the discrepancy. *See Peterson*, 414 F.3d at 827 (finding that plea was voluntary where defendant alleged that his counsel had made previous promises regarding sentencing but made contradictory statements during plea colloquy); *Stewart*, 198 F.3d at 984 (affirming the district court's decision to deny the defendants request to withdraw guilty plea where his allegations directly contradicted his statements at plea colloquy).

Furthermore, Smith has failed to provide any support for his assertions. Because statements given under oath during the plea colloquy are afforded a presumption of verity, a defendant "bears a heavy burden of persuasion in showing that a 'fair and just reason' for withdrawing the guilty plea exists." *United States v. Redmond*, 667 F.3d 863, 870 (7th Cir. 2012). Smith has failed to submit an affidavit or any other evidence supporting his claims of feeling "pressured" to enter a guilty plea. *See*, *e.g.*, *United States v. Hardimon*, 700 F.3d 940 (7th Cir. 2012) *cert. denied,* 133 S. Ct. 2362 (2013) (denying defendant's argument that his previously entered guilty plea was not voluntary due to prescription psychotropic drug use when he failed to present the affidavit of a qualified psychiatrist describing the drug's possible effects and where court's inquiries at plea hearing were adequate and revealed no impairment of defendant's ability to think); *Gallo-Vazques v. United States*, 402 F.3d 793, 800 (7th Cir. 2005) (denying ineffective-assistance claim because "[t]he motion does not attach an affidavit from defense counsel or the prosecutor supporting this allegation."); *United States v. Taylor*, 65 F.3d 171 at 1 (7th Cir. 1995) ("Although Taylor filed a motion to vacate his plea agreement, claiming that he was incapable of understanding the nature of his action due to psychological problems, he did not sign the affidavit attached to the motion and did not introduce any medical evidence

7

regarding his psychological condition.") Instead, he simply relies on unsupported assertions in the motion. As such, he has not met his burden of proving that the plea was involuntary.

II.     **Defendant Understood the Sentencing Guidelines, and Had Sufficient Time with Counsel**

Next, Smith maintains that he did not have adequate time to discuss the case with his attorney. Specifically, he argues that he did not have enough time to "receive counsel regarding the evidence and applicability of guidelines in his case." (R. 53, at 3.) The record, however, does not support Smith's contentions. Rather, the record reveals that Smith did, in fact, have ample time to consult with Mr. Carlson, and that Smith's initial reservations to plead guilty were fully addressed. Specifically, after Smith challenged portions of the government's factual basis for the charges at the January 7 plea hearing, the Court terminated the hearing and the government met with Mr. Carlson and made revisions to the agreement. (R. 54, at 3.) Smith, Carlson, and the government then met at the U.S. Attorney's Office and made further modifications to the agreement. (R. 47, at 2.)

   A.   **Defendant Acknowledged that He Had Sufficient Time to Discuss the Case With His Lawyer**

Smith's argument that he did not have sufficient time to discuss his case with counsel is further belied by his own representations made in both the written plea agreement and under oath at the January 11, 2013 hearing. Specifically, the written plea agreement states: "Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney." (R. 36, at ¶ 3.) It further provides, "Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and accepts each and every term and condition of this Agreement." (R. 36, at ¶ 31.)

8

Furthermore, at the change of plea hearing on January 11, 2013, the Court specifically addressed the issue of adequate counsel. Smith, while under oath, answered as follows:

> THE COURT: Have you had enough time to speak with Mr. Carlson about your case, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And we broke earlier this week because you needed additional time to speak with him in particular about the plea agreement. Have you now had enough time to speak with him about the plea agreement that you are seeking to enter this morning?
>
> THE DEFENDANT: Yes. The questions that I had was answered, and I'm -- I'm fully aware of everything now and I understand; yes.
>
> THE COURT: Okay. And did you have enough time -- are you satisfied with the amount of time you have had to speak with Mr. Carlson about this?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you satisfied with Mr. Carlson's advice and efforts on your behalf?
>
> THE DEFENDANT: Yes.
>
> ******
>
> THE COURT: Has Mr. Carlson explained to you the nature of the charge in Count 3 of the indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand the nature of the charge in Count 3 of the indictment?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions regarding the nature of the charge?
>
> THE DEFENDANT: No.
>
> ******

> THE COURT: Prior to signing the plea agreement, did you read it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did you discuss it with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Did Mr. Carlson answer all of your questions regarding the terms in your plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand each of the terms in your plea agreement?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any questions for the Court regarding any of the terms in your plea agreement?
>
> THE DEFENDANT: No.

(R. 47, at 6-7, 12.)

The Court also asked Mr. Carlson whether he had sufficient time to advise Smith. The following exchange took place during the January 11, 2013 plea hearing:

> THE COURT: Mr. Carlson, have you had enough time to talk to your client over the last few days?
> MR. CARLSON: Yes, I have, Judge. And just so your Honor's aware, yesterday after we left here, we went down to the U.S. Attorney's Office, where we were all able to meet together and were able to resolve whatever differences there were, which I think were, in large part, due to the fact that when I was talking to the government, Mr. Smith was out in Kankakee and I was trying to get information to and from him and faxes to the jail didn't make it. But once we all got together, in a room together, we were able to resolve it with very little problems.

(*Id.* at 2.)

### B. Defendant Understood the Sentencing Guidelines

Smith also contends that he did not understand the applicability of the sentencing guidelines in his case due to insufficient time with his lawyer. (R. 53, at 4.) The record, however, does not support Smith's allegations. In particular, the written plea agreement states: "Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence." (R. 36, at ¶ 9.) The plea agreement, signed by Smith, then goes on to detail the offense level calculations of Count Three and each Stipulated Offense. (*Id.*, at 8- 11.)

Furthermore, at the change of plea hearing on January 11, 2013, Smith explicitly acknowledged that he understood the applicability of the sentencing guidelines after speaking with his lawyer. Specifically, the Court advised Smith:

> THE COURT: In sentencing you, the Court will look, in part, to the advisory Sentencing Guidelines. Have you discussed the Sentencing Guidelines with Mr. Carlson?
>
> DEFENDANT: Yes.
>
> THE COURT: Do you understand that the Guidelines are advisory on the Court and not mandatory?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And what that means is in some circumstances, the Court can sentence you below whatever the Guideline range is, and in some circumstances, the Court can sentence you above the Guideline range. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And it is within the Court's discretion to go below or above the Guideline range looking at the factors in 18, United States Code, Section 3553(a). Do you understand that?

THE DEFENDANT: Yes.

(R. 47, at 15.)

The Court then warned Smith that the guideline calculations in his plea agreement were preliminary, and it would be up to the Court at the time of his sentencing to determine the appropriate guideline calculations. (*Id.*, at 15-16.) Smith responded that he understood. (*Id.*) The Court then reviewed the preliminary calculations stated in the plea agreement:

> THE COURT: The preliminary Guideline calculations, which are set forth in their "Conclusion" at Page 13 of your plea agreement starting at Page 8, you have an Offense Level of 43, a Criminal History Category of I, and the anticipated advisory Sentencing Guideline range is life in prison. Do you understand that?
>
> THE DEFENDANT: Yes.

(*Id.*)

In sum, Smith's own admissions undermine his allegations that he did not understand the sentencing guidelines due to inadequate time with his attorney. The Court conducted the plea colloquy in strict compliance with Rule 11's requirements and did not accept Smith's guilty plea until it was determined that the plea was voluntary and not the result of force or threats. *See United States v. Lowe*, 12-3408, 2013 WL 1150248 (7th Cir. Mar. 19, 2013) (affirming the district court's denial of defendant's motion to withdraw plea of guilty, where district court substantially complied with the requirements of Federal Rule of Criminal Procedure 11). As discussed in detail above, a defendant who wishes to withdraw a plea of guilty, when doing so would subject him to perjury charges, must have a compelling reason to do so. *United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005). Smith simply alleges that he did not have enough time to "receive counsel regarding the evidence and applicability of guidelines in his case." (R.

12

53, at 3.) The record contradicts his unsupported assertions. Defendant Smith has failed to meet his heavy burden.

## CONCLUSION

For the reasons discussed above, Defendant's Motion to Withdraw Plea of Guilty is denied.

**Dated:** July 22, 2013

_____
AMY J. ST. EVE
United States District Court Judge